struction given to find for the defendant. Plaintiff complains about the ruling of the court in permitting the defendant to withdraw its plea of general issue and demurrer to appellee's declaration, and upon the subsequent ruling of the court on pleadings.

The right to plead *de novo* has always rested in the discretion of the trial court, and it certainly cannot be reversed except on showing the grossest abuse. We have examined the record carefully and find there was no abuse of that discretion. The pleas of the statute of limitations were good pleas, and after plaintiff amended his declaration the court should have permitted them to be filed. However, no cross-errors were assigned by plaintiff in this action of the court, and this matter is not before us.

For the errors indicated the judgment is reversed with direction to the court to overrule the demurrer to the pleas of the statute of limitations.

*Reversed and remanded with directions.*

---

## Honora Gogerty, Appellee, v. City of Decatur, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Macon county; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed October 16, 1914.

### Statement of the Case.

Action by Honora Gogerty against the City of Decatur to recover damages to plaintiff's real estate caused by the lowering of the street in front of the property to make an underground railroad crossing.

The declaration was in three counts. The first count, in substance, alleged that the City of Decatur

made "large excavations and did cut out of said street
and dig up the same with scrapers, spades and shovels,
and other implements, so that the street is cut down
from its original grade, to-wit, sixteen feet, immediate-
ly in front of and contiguous to plaintiff's premises on
said North Jasper street, for the purpose of a subway
under the tracks of a certain railway therein situate."
The declaration further charges that the plaintiff's
property and buildings have been much injured and
damaged and the rental value thereof much impaired
and lessened, and that by reason and in consequence
thereof, the market value of plaintiff's said property
has been and is injured and is much depreciated, all
caused and occasioned by the said defendant, and that
such depreciation is special to said premises, and that
by means thereof plaintiff's premises have become
particularly worthless and of lessened value to her.

The second count alleged that plaintiff was entitled
to the peaceable enjoyment of her property, etc., with-
out said premises being damaged or injured by the
wrongful or illegal acts upon the part of the defendant
which permanently and specially depreciated the value
of said premises; and further alleged that an excava-
tion was made which lowered the grade or surface in
front of plaintiff's premises on Jasper street, to wit,
sixteen feet extending northward and southward one
hundred feet in each direction, and by the means
whereof, the right of egress from Jasper street to and
from plaintiff's premises was cut off and totally de-
stroyed, and that she sustained special damage, etc.

The third count of the declaration was a complete
description of the premises, the change of grade, and
stated that the plaintiff's property had been specially
and permanently damaged and that all of these acts
were without the consent of the plaintiff. A general
demurrer to the declaration being overruled, the appel-
lant filed a plea of not guilty. To reverse a judgment
in favor of plaintiff for two thousand dollars, defend-
ant appeals.

BALDWIN & CAREY, for appellant; JAMES S. BALDWIN and WILLIAM J. CAREY, of counsel.

WHITLEY, FITZGERALD & McLAUGHLIN, for appellee.

MR. JUSTICE SCHOLFIELD delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL CORPORATIONS, § 448*—*when suit for damages resulting from lowering grade of street not premature.* An action against a city to recover damages to property by reason of lowering the grade of the street in front thereof, *held* not prematurely brought where the work in front of the property had been substantially completed and had progressed to such an extent as to obstruct ingress and egress at the time the suit was commenced.

2. MUNICIPAL CORPORATIONS, § 451*—*when permitting jury to damaged premises not error.* In an action against a city for damages resulting to property by lowering the grade of the street, permitting the jury to view the premises, *held* not an abuse of discretion and not error, it appearing that the jury were instructed that the view was not evidence.

3. EVIDENCE, § 365*—*opinions.* The qualification of witnesses to give their opinion is a question for the court in the first instance, but the weight to be given their opinions is to be determined by the jury, from the knowledge and experience of the witnesses and their capacity to form a judgment.

4. EVIDENCE, § 372*—*persons qualified to give opinion as to value.* All persons who are acquainted with property and have opinions of its value may give their opinions to the jury, together with their knowledge of the property and the facts upon which the opinions are based.

5. EVIDENCE, § 372*—*when witnesses qualified to give opinion as to value of real estate.* Witnesses *held* properly qualified to give their opinion of the value of real estate, where they stated that they were acquainted with the situation and location of the property and in a general way were acquainted with the value of real estate in the locality where the property in question is located.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.